UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
         Plaintiff,

                                  Case No. 1:07-cr-213-02

-v-

                                  HONORABLE PAUL L. MALONEY

REGINALD J. BLAND,
         Defendant.

ORDER DENYING DEFENDANT'S MOTION TO QUASH INDICTMENT
AND DISMISS CHARGES

This Court has before it Defendant Reginald Bland's motion to quash indictment and dismiss charges (Dkt. No. 110). The government has filed a response (Dkt. No. 151).

On November 7, 2007, the government filed a first superceding indictment (Dkt. No. 53) against Defendant Bland. The first superceding indictment alleges Defendant participated in a drug conspiracy which began sometime in 1995 and continued through October 16, 2007. The government named seven co-conspirators, including Defendant Bland, as well as ten other individuals. The government alleges Defendant knowingly and intentionally possessed, with the intent to distribute, more than fifty grams of cocaine base (crack) and an unspecified amount of heroin and marijuana.

ANALYSIS

Defendant Bland asserts the five-year statute of limitations should bar the charges against him. Defendant Bland argues he was arrested in December 2002 and was convicted based on his guilty plea. Defendant reasons he effectively withdrew from the alleged conspiracy through his guilty plea.

The statute of limitations for a prosecution for conspiracy to distribute drugs is five years.

18 U.S.C. § 3282(a) ("except as otherwise provided by law, no person shall be prosecuted . . . for any offense . . . unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."); *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003); *United States v. Rouphael*, 495 F. Supp.2d 787, 791 (S.D. Ohio 2005). "[A]s long as at least one act in furtherance of the conspiracy was committed within the limitations period, the statute of limitations is not violated." *United States v. Tsang*, 96 F.App'x 318, 322 (6th Cir. 2004) (citing *United States v. Lash*, 937 F.2d 1077, 1083 (6th Cir. 1991)). *See United States v. Eck*, 11 F.App'x 527, 530 (6th Cir. 2001) (per curiam) ("In a criminal prosecution for conspiracy, the date of the last overt act alleged in the indictment determines whether the prosecution has been timely commenced").

To establish the elements of a drug conspiracy, the government must prove (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy. *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999). *See* 18 U.S.C. § 846. The statute does not require the government establish the defendant performed an overt act in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 13, 15 (1994). The government has the initial burden of establishing a conspiracy in which the defendant was involved. *Brown*, 332 F.3d at 373; *United States v. Fantroy*, 146 F.App'x 808, 818 (6th Cir. 2005). If the conspiracy was on-going, the "presumption of continuity" makes the defendant liable for the acts of his or her co-conspirators, even if the defendant did not act on behalf of the conspiracy during the statute of limitations period. *Brown*, 332 F.3d at 373; *Fantroy*, 146 F.App'x at 818.

A defendant may overcome the presumption of continuity by establishing that he or she

withdrew from the conspiracy. *Brown*, 332 F.3d at 374; *Fantroy*, 146 F.App'x at 818. Withdrawal is an affirmative defense and the defendant bears the burden of establishing some affirmative action taken which would defeat or disavow the purpose of the conspiracy. *Brown*, 332 F.3d at 374 (citing *United States v. Lash*, 937 F.2d 1077, 1083 (6th Cir. 1991)). A full confession to authorities would be sufficient evidence that the defendant affirmatively abandoned the conspiracy. *Id.* (citing *United States v. Juodakis*, 834 F.2d 1099, 1102 (1st Cir. 1987)); *Fantroy*, 146 F.App'x at 818.

Defendant asserts two reasons in support of his motion. First, Defendant argues the government cannot establish that he joined the alleged conspiracy. Defendant alleges he does not know the alleged co-conspirators, a purchaser of drugs is not necessarily part of a drug conspiracy, and his criminal past in which he was caught with drugs does not establish that he was part of a conspiracy. This first reason is not a reason to quash the indictment. A grand jury found sufficient evidence to issue the indictment. Defendant's assertions, unsupported by any evidence, questions whether the government will be able to establish one element of the conspiracy claim at trial. That question will be resolved by the jury.

Second, Defendant argues there is sufficient evidence to establish that he affirmatively withdrew from the alleged conspiracy. Defendant alleges he was required to admit his guilt and establish a basis for his plea as a result of his 2002 arrest and subsequent conviction. Defendant concludes the government cannot charge him based on acts occurring after his conviction because he affirmatively withdrew from the alleged conspiracy. Defendant asserts the statute of limitations prevents the government from charging him based on acts which occurred before his conviction.

This second reason is not a reason to quash the indictment. The grand jury found sufficient

evidence to issue an indictment against Defendant for conspiracy. The indictment alleges sufficient facts to give Defendant notice of the charges against him. Defendant's withdrawal and statute of limitations allegations are affirmative defenses which Defendant must establish. Defendant's allegations, at this point, are insufficient for this Court to quash the indictment. Assuming the government presents a prima facia case against Defendant at trial, Defendant will be afforded an opportunity to offer proof for both affirmative defenses. In its response, the government alleges witnesses will testify that when Defendant was released from custody, he resumed participation in the conspiracy.

Defendant Bland's motion to quash indictment and dismiss charges (Dkt. No. 110) is **DENIED. IT IS SO ORDERED.**

Date:  April 1, 2008                                            /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge